IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Billy Lee Lisenby, Jr.,<br><br>                    Plaintiff,<br><br>v.<br><br>Michael Rasar, Tahirah Thomas, and Shanda Priester,<br><br>                    Defendants. | C/A No. 1:21-01139-DCN-KDW<br><br><br>ORDER |

On March 30, 2021, Plaintiff filed a Complaint in the Barnwell County Court of Common Pleas alleging violations of his rights under the First and Fifteenth Amendments to the U.S. Constitution regarding his desire to vote in the 2020 election while he was a pretrial detainee. ECF No. 1-1. Defendants timely removed the Complaint to this court on April 16, 2021, based on federal question jurisdiction. ECF No. 1.

On August 18, 2021, Plaintiff filed a Notice of Change of Address in this case properly notifying this court of his current address at US Penitentiary Lee in Jonesville, Virginia. ECF No. 23. On the same day, Plaintiff filed a "Motion in Letter" seeking permission to challenge the removal of his case from state court to federal court, to conduct discovery, and to stay the pending Motion for Summary Judgment. ECF No. 24. As a basis for his motion Plaintiff contends that after being sentenced in federal court on April 9, 2021, he was transferred from the detention center in Columbia, South Carolina on April 30, 2021 to Ocilla, Georgia; subsequently transferred on June 11, 2021, to US Penitentiary Atlanta (which was on lockdown); and finally transferred on June 29, 2021, to his current location in Virginia. Plaintiff argues that "he was never notified that the case had been moved to Federal Courts." ECF No. 24 at 1.

In response to Plaintiff's Motion, Defendants argue that due to the nature of Plaintiff's Complaint, any challenge to this court's jurisdiction would not be fruitful as this case is "clearly one of federal subject matter, and the rights asserted by Plaintiff derive from federal law." ECF No. 25 at 2. Additionally, Defendants contend that because Plaintiff's case "turns on a point of law, not discoverable facts" an extension of the discovery period is unnecessary. *Id.*

The removing party bears the burden of establishing federal jurisdiction. *See Strawn v. AT&T Mobility LLC,* 530 F.3d 293, 297–98 (4th Cir. 2008). State court actions which originally could have been filed in federal court may be removed to federal court by the defendant pursuant to 28 U.S.C. § 1441. *Caterpillar v. Williams*, 482 U.S. 386, 392 (1987). Removal is appropriate, however, only where the civil action is one over which "the district courts of the United States have original jurisdiction." *King v. Marriott Int'l Inc.*, 337 F.3d 421, 424 (4th Cir. 2003) (citing 28 U.S.C. § 1441(a)). As the Fourth Circuit Court of Appeals has explained, "courts should resolve all doubts about the propriety of removal in favor of retained state court jurisdiction." *Hartley v. CSX Transp., Inc.,* 187 F.3d 422, 425 (4th Cir. 1999) (internal quotation and citation omitted). The Supreme Court has commanded that when considering removal jurisdiction, federal courts must "scrupulously confine their own jurisdiction to the precise limits which the statute has defined." *Shamrock Oil & Gas Corp. v. Sheets,* 313 U.S. 100, 109 (1941) (internal quotation and citations omitted).

Applicable case law and statutory law, including 28 U.S.C. § 1447(c), provides that subject-matter jurisdiction cannot be conferred by estoppel, waiver, or consent. *See Buchner v. FDIC,* 981 F.2d 816, 818 (5th Cir. 1993) ("Although parties may waive their rights to remove a case or to contest the removal procedure, they may neither confer subject matter jurisdiction on the district court nor strip it of such jurisdiction by agreement or waiver."). As a result, a federal

district court should remand the case to state court if the face of the initial pleadings makes it clear the court lacks subject-matter jurisdiction. *See* 28 U.S.C. § 1447(c) ("If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded."); *see Ellenburg v. Spartan Motor Chassis, Inc.,* 519 F.3d 192, 196 (4th Cir. 2008) (noting the court's remand order for lack of subject-matter-jurisdiction can be entered at any time).

In Plaintiff's challenge to his case's removal, he contends that he was not properly notified that his action was removed to federal court. ECF No. 24. Despite Plaintiff's representation, based on the Defendants' Certificate of Service, the Notice of Removal was mailed to Plaintiff on April 16, 2021, at the Alvin S. Glenn Detention Center in Columbia. ECF No. 1-3. Furthermore, Defendants served Plaintiff with an Answer to the Complaint on April 19, 2021, *see* ECF No. 11, and, according to Plaintiff, he was not transferred from the Columbia detention center until April 30, 2021. The undersigned finds that Plaintiff has now received adequate notice that his case was removed to federal court. Moreover, as Defendants assert, the subject matter contained in Plaintiff's Complaint "places it squarely within this Court's subject matter jurisdiction, and that Plaintiff cannot successfully defeat that jurisdiction." ECF No. 25 at 2.

The court has reviewed Plaintiff's state court Complaint and notes it includes allegations concerning alleged constitutional rights violations. *See* ECF No. 1-1. Furthermore, Plaintiff does not appear to challenge the jurisdiction of the court, and the court finds any argument concerning this court's lack of jurisdiction would be futile. Therefore, the court finds that Defendants' removal was proper, and Plaintiff's Motion to Challenge the Removal, ECF No. 24, is **denied**. The court denies Plaintiff's request to conduct discovery and his request that the pending Summary Judgment Motion, ECF No. 18, be stayed. The court will allow Plaintiff until **October 15, 2021**,

to respond to the pending Motion for Summary Judgment. Plaintiff is advised that if he fails to respond to the pending Motion, his case may be dismissed for failure to prosecute.

**IT IS SO ORDERED**.

September 14, 2021  
Charleston, South Carolina

David C. Norton  
United States District Judge